UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.

ANA I. ROSQUETE,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian Corporation d/b/a
ROYAL CARIBBEAN INTERNATIONAL,
and CRUISE SHIP EXCURSIONS, INC.,
a U.S. Virgin Islands Corporation,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANA I. ROSQUETE (hereinafter "Rosquete"), by and through the undersigned counsel, sues Defendants, ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL (hereinafter "Royal Caribbean"), and CRUISE SHIP EXCURSIONS, INC., a foreign corporation (hereinafter "Excursions"), and alleges:

### JURISDICTION AND VENUE

1. This is an action under general maritime and admiralty law, and the laws of Florida as applicable, which seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of diversity of citizenship pursuant to 28 U.S.C. §1332, as this is a civil action for damages in excess of the required minimal jurisdictional limit of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

1

3.     This action also arises under general maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 U.S.C. §1333. This is an admiralty and/or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

4.     Plaintiff is a citizen of the United States who resides in the State of Florida, is over the age of eighteen years and is otherwise *sui juris*.

5.     Defendant Royal Caribbean is a Liberian corporation with its principal place of business in Miami-Dade County, Florida, located at 1050 Caribbean Way, Miami, Florida 33132.

6.     Defendant Excursions is an entity organized under the laws of the U.S. Virgin Islands with its principal place of business located at Building 3, Upper Havensight, West Indian Company Dock, St. Thomas, USVI 00802 and, at all times material hereto, was and is doing business in Miami-Dade County, Florida.

7.     At all times relevant hereto, Defendant Excursion owned, operated, managed, maintained and/or controlled the subject excursion, "2-Island Snorkeling Safari and Beach Getaway," which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by Defendant Royal Caribbean.

8.     Defendant Excursion is believed to have entered into an agreement with Defendant Royal Caribbean for the protection of Defendant Royal Caribbean's passengers, whereby Defendant Excursion agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over itself, and consented to the venue of the United States District Court for the Southern District of Florida. Furthermore, Defendant Excursion is subject to the jurisdiction of this Court because they sold the subject excursion ticket through Defendant Royal Caribbean, which is operated and/or managed out of the State of Florida, and/or sold on

Royal Caribbean's website, which is accessible and conducts sales in the Southern District of Florida.

9.      At all times material hereto, all Defendants, personally or through an agent:

    a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.   Were engaged in substantial activity within this state;

    c.   Operated vessels in the waters of this state; and/or

    d.   Committed one or more of the acts set forth in §§48.081, 48.181 and/or 48.193, Florida Statutes.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the Cruise/Cruisetour Ticket Contract issued by Defendant Royal Caribbean and attached hereto as **Exhibit "A"** contains a forum-selection clause which provides that the action shall be litigated in and before the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

## FACTUAL ALLEGATIONS

11.     At all times material hereto, Defendant Royal Caribbean was engaged in the business of providing to the public, including the Plaintiff, for compensation, vacation cruises aboard the vessel, the *Symphony of the Seas*.

12.     On or about July 17, 2019, Plaintiff was a paying passenger aboard the *Symphony of the Seas* which was in navigable waters.

13.     At all times material hereto, excursions from the *Symphony of the Seas* were advertised to passengers and to Plaintiff in Defendant Royal Caribbean's website and/or other promotional materials including, but not limited to, brochures which contained Defendant Royal Caribbean's logo.

14.     At all times material hereto, Defendant Royal Caribbean offered passengers aboard the *Symphony of the Seas* and the Plaintiff the opportunity to go on various excursions during the subject cruise, including, but not limited to the "2-Island Snorkeling Safari and Beach Getaway" excursion.

15.     At all times material hereto, Defendant Royal Caribbean had a shore excursion desk aboard the *Symphony of the Seas* for the purpose of, *inter alia*, providing Defendant Royal Caribbean passengers recommendations regarding shore excursions and charging Defendant Royal Caribbean passengers for shore excursions.

16.     At all times material hereto, Defendant Royal Caribbean sold tickets for the "2-Island Snorkeling Safari and Beach Getaway" excursion to passengers, including Plaintiff, aboard the *Symphony of the Seas* during the subject cruise.

17.     On or about July 17, 2019, as part of Plaintiff's cruise aboard the *Symphony of the Seas*, Plaintiff participated in the "2-Island Snorkeling Safari and Beach Getaway" excursion in St. Thomas, U.S. Virgin Islands. This excursion was arranged for, sponsored, recommended, operated, marketed and/or sold by Defendant Royal Caribbean as part of the voyage on the subject cruise.

18.     On the stated date, as part of the "2-Island Snorkeling Safari and Beach Getaway" excursion, Plaintiff and other passengers were transported by the 2007 63' Cooper Catamaran, the *Virgin Breeze*, for purposes of snorkeling at various locations around St. Thomas. At all times material hereto, Plaintiff was a paying customer aboard the *Virgin Breeze* which was in navigable waters.

19.     At all times material hereto, Defendant Royal Caribbean and/or Defendant Excursions owned, operated, managed, maintained and/or controlled the vessel, the *Virgin Breeze*.

20.     As part of the subject excursion, Plaintiff and other passengers were required to board and disembark the *Virgin Breeze* via ladder located on either side of the *Virgin Breeze*. On the stated date, while Plaintiff was boarding the *Virgin Breeze* via one of the ladders as part of the subject excursion, Plaintiff sustained a serious injury resulting in Plaintiff's finger being amputated and fractured.

21.     As a direct and proximate result of her injuries, Plaintiff was required to undergo, *inter alia*, surgery, hospitalization, physical therapy and other medical treatment.

22.     Defendants knew and/or should have known that the ladders from which Plaintiff and other passengers were required to board and disembark the *Virgin Breeze* as part of the subject excursion were dangerous and could result in the injuries such as that sustained by the Plaintiff.

23.     Defendants Royal Caribbean and Excursions failed to warn passengers, including the Plaintiff, regarding the danger associated with using the ladders on the *Virgin Breeze* and failed to provide any other adequate means for its passengers to board and disembark the *Virgin Breeze* during the subject excursion.

24.     At all times material hereto, Defendant Excursion was the agent and/or apparent agent of Defendant Royal Caribbean by virtue of the foregoing such that Defendant Royal Caribbean is estopped from denying that Defendant Royal Caribbean was the agent for Defendant Excursion:

> a.   Defendant Royal Caribbean made all arrangements for the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

b.   Defendant Royal Caribbean marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

c.   Defendant Royal Caribbean maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

d.   Defendant Royal Caribbean recommended its passengers to not engage in excursions, tours and/or activities that are not sold through Defendant Royal Caribbean; and/or

e.   Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with Defendant Royal Caribbean and/or Defendant Royal Caribbean's onboard excursion desk; and/or

f.   The fee for the subject excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by Defendant Royal Caribbean; and/or

g.   Plaintiff received a receipt exclusively from Defendant Royal Caribbean for the purchase of the subject excursion.

25.   At all times material hereto, Plaintiff relied on the above to her detriment, so as to believe that Defendant Excursion was the employee and/or agent of Defendant Royal Caribbean, in choosing the subject excursion. At no time did Defendant Royal Caribbean represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that Defendant Excursion was not an agent and/or employee of Defendant Royal Caribbean.

26.     At all times material hereto, Defendant Royal Caribbean was the owner or co-owner of the subject excursion. At all times material hereto, Defendant Royal Caribbean was responsible for, and liable for, the actions of Defendant Excursions with respect to the said excursion.

27.     In the alternative, at all times material hereto, a partnership and/or joint venture existed between Defendants Royal Caribbean and Excursions by virtue of the following, whereby Defendants Royal Caribbean and Excursions are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a.   Upon information and belief, Defendants Royal Caribbean and Excursions entered into an agreement whereby Defendant Royal Caribbean made all arrangements for the Plaintiff, on behalf of the partnership with Defendant Excursion, for the subject excursion being run by Defendant Excursion; and/or

b.   Defendant Royal Caribbean marketed on its website and/or its brochures and/or on its ship, on behalf of the partnership with Defendant Excursion, the subject excursion; and/or

c.   Defendant Royal Caribbean maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions or passengers, on behalf of the partnership with Defendant Excursion; and/or

d.   Defendant Excursion provided the subject excursion boat to be used in the subject excursion; and/or

e.   Defendant Royal Caribbean determined the amount of money charged for the subject excursion being run by Defendant Excursion; and/or

f.   Defendant Royal Caribbean collected the amount of money charged for the subject excursion being run by Defendant Excursion; and/or

g.   Defendant Royal Caribbean paid Defendant Excursion a portion of the sales of tickets for the subject excursion after the subject excursion tickets were sold; and/or

h.   Defendant Royal Caribbean shared profits and losses with Defendant Excursion for the subject excursion.

28.   At all times material hereto, Defendant Royal Caribbean was a partner in the subject excursion.

29.   At all times material hereto, Defendant Royal Caribbean operated, managed and/or supervised the subject excursion.

30.   At all times material hereto, Defendant Excursion owned and operated the subject excursion and was the agent, apparent agent, joint venture, servant, and/or employee of Defendant Royal Caribbean and at all times acted within the course and scope of its employment, agency, apparent agency, joint venture or service.

31.   At all times material hereto, Defendant Royal Caribbean did not provide any restrictions or warnings to its passengers regarding any safety concerns for passengers considering the subject excursion.

32.   At all times material hereto, Plaintiff relied on Defendant Royal Caribbean's representations that there were no notable restrictions or warnings regarding health or safety concerns for passengers purchasing and participating in the subject shore excursion.

## COUNT I
### (Negligence – Defendant Royal Caribbean)

33.   Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

34.    At all material times, Defendant Royal Caribbean owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004) (citing *Kermarec v. Campagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L.Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985)).

35.    Defendant Royal Caribbean also owed a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnaval Cruise Lines, Inc.*, 1992 AMC 1472, 1991 WL 329584, at *1 (S.D. Fla. 1991).

36.    Defendant Royal Caribbean's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may be reasonably expected to visit." *See Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

37.    Further, Defendant Royal Caribbean's duty extends to transporting its passengers to and from shore. *See Isham v. Pacific Far East Line, Inc.*, 476 F.2d 835, 836 (9th Cir. 1973); *and see, Samuelov v. Carnival Cruise Lines*, 870 So. 2d 853 (Fla. 3d DCA 2003).

38.    On or about July 17, 2019, Defendant Royal Caribbean and/or its agents, servants, joint venturers and/or employees breached its duty of care to Plaintiff in one or more of the following ways:

  a.   By failing to provide a safe excursion; and/or

  b.   By failing to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

c.  By failing to adequately monitor excursion providers so as to ensure that the excursion tours were reasonably safe for cruise passengers including the Plaintiff; and/or

d.   By failing to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

e.  By failing to adequately monitor excursion providers so as to ensure that the operations of excursion tours were reasonably safe for the Plaintiff and other cruise passengers; and/or

f.  By failing to ensure that properly trained and supervised persons operated the subject excursion; and/or

g.  By having an excursion that was not competently operated; and/or

h.  By failing to provide an excursion with properly trained operators and personnel; and/or

i.  By failing to cancel the subject excursion in light of the conditions; and/or

j.  By failing to promulgate and/or enforce adequate policies and procedures with regard to the cancellation of excursions; and/or

k.  By failing to require the excursion operator to promulgate and/or enforce adequate policies and procedures with regard to the cancellation of shore excursions; and/or

l.  By failing to ascertain the dangers, restrictions and/or warnings regarding health and/or safety concerns to passengers such as the Plaintiff participating in the subject excursion; and/or

m. By failing to adequately ascertain the level of danger the subject excursion posed to passengers such as the Plaintiff.

All of which caused Plaintiff to sustain a serious injury while participating in the subject excursion.

39.     At all times material hereto, Defendant Royal Caribbean negligently failed to determine the hazards that the excursion posed to Plaintiff, failed to eliminate the hazard and failed to properly warn Plaintiff of the hazard.

40.     Defendant Royal Caribbean knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time such that Defendant Royal Caribbean, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

41.     As a result of Defendant Royal Caribbean's negligence, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, for all damages recoverable under general maritime law including, but not limited to, pecuniary damages, non-pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

## COUNT II
### (Negligence – Defendant Excursions)

42.     Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

43.     At all material times, Defendant Excursions owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004) (citing *Kermarec v. Campagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L.Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985)).

44.     Defendant Excursions also owed a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnaval Cruise Lines, Inc.*, 1992 AMC 1472, 1991 WL 329584, at *1 (S.D. Fla. 1991).

45.     Defendant Excursions' "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may be reasonably expected to visit." *See Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

46.     Further, Defendant Excursions' duty extends to transporting its passengers to and from shore. *See Isham v. Pacific Far East Line, Inc.*, 476 F.2d 835, 836 (9th Cir. 1973); *and see*, *Samuelov v. Carnival Cruise Lines*, 870 So. 2d 853 (Fla. 3d DCA 2003).

47.     On or about July 17, 2019, Defendant Excursions and/or its agents, servants, joint venturers and/or employees breached its duty of care to Plaintiff in one or more of the following ways:

      a.   By failing to provide a safe excursion; and/or

b.  By failing to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

c.  By failing to adequately monitor excursions so as to ensure that the excursion was reasonably safe for cruise passengers including the Plaintiff; and/or

d.  By failing to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

e.  By failing to ensure that properly trained and supervised persons operated the subject excursion; and/or

f.  By having an excursion that was not competently operated; and/or

g.  By failing to provide an excursion with properly trained operators and personnel; and/or

h.  By failing to cancel the subject excursion in light of the conditions; and/or

i.  By failing to promulgate and/or enforce adequate policies and procedures with regard to the cancellation of shore excursions; and/or

j.  By failing to provide a safe and reasonably designed ladder for entrance and/or exit by passengers of all ages and abilities including the Plaintiff; and/or

k.  By failing to provide crew members to assist passengers including the Plaintiff on the boat to allow safe entrance and/or exit onto the boat by passengers of all ages and abilities; and/or

l.  By failing to warn Plaintiff of the potentially dangerous characteristics of the ladder and the difficulties the Plaintiff might encounter climbing to and from the boat as part of the excursion; and/or

m. By failing to provide the Plaintiff and other passengers with safe means of embarking onto or disembarking from the boat; and/or

n. By creating a dangerous condition on the boat and allowing the dangerous condition to exist which resulted in the accident sustained by the Plaintiff herein; and/or

o. By allowing a dangerous condition to exist of which Defendant Excursions had actual and/or constructive knowledge which resulted in the accident sustained by the Plaintiff herein; and/or

p. By negligently maintaining the boat in an unreasonably dangerous condition that would allow passengers, including the Plaintiff, to become injured while attempting to board the boat as part of the subject excursion; and/or

q. By negligently conducting operations such that passengers, including the Plaintiff herein, embark onto or disembark the boat with dangerous ladders as part of the subject excursion without assistance.

All of which caused Plaintiff to sustain a serious injury while participating in the subject excursion.

48. At all times material hereto, Defendant Excursions negligently failed to determine the hazards that the excursion posed to Plaintiff, failed to eliminate the hazard and failed to properly warn Plaintiff of the hazard.

49. Defendant Excursions knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time such that Defendant Excursions, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

50.     As a result of Defendant Excursions' negligence, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendant, CRUISE SHIP EXCURSIONS, INC., for all damages recoverable under general maritime law including, but not limited to, pecuniary damages, non-pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

### COUNT III
**(Apparent Agency or Agency by Estoppel Claim – Defendant Royal Caribbean)**

51.     Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

52.     At all times material hereto, Defendant Excursions was the apparent agent of Defendant Royal Caribbean.

53.     At all times material hereto, Defendant Royal Caribbean is estopped from denying that Defendant Excursions was its agent or proxy.

54.     At all times material hereto, Defendant Royal Caribbean made manifestations which caused Plaintiff to believe that Defendant Excursions had the authority to act for the benefit of Defendant Royal Caribbean. These manifestations included:

      a.   Defendant Royal Caribbean allowed its name to be utilized in connection with the advertising of Defendant Excursions; and/or

15

b.  Defendant Royal Caribbean made all arrangements for the subject excursion without effectively disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

c.  Defendant Royal Caribbean marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

d.  Defendant Royal Caribbean maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to Plaintiff that the subject excursion was being run by another entity; and/or

e.  Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with Defendant Royal Caribbean; and/or

f.  Defendant Royal Caribbean recommended to Plaintiff not to engage in excursions, tours or activities that are not sold through Defendant Royal Caribbean as Defendant Royal Caribbean has no familiarity with other tours or their operations; and/or

g.  Plaintiff received a receipt exclusively from Defendant Royal Caribbean for the purchase of the subject excursion; and/or

h.  The receipt received by Plaintiff from Defendant Royal Caribbean for the subject excursion did not include any information to inform the Plaintiff that

the excursion she booked was not owned and/or operated by or jointly with Defendant Royal Caribbean; and/or

i.   The fee for the excursion to be charged to the Plaintiff and collected from the Plaintiff, was done exclusively by Defendant Royal Caribbean; and/or

j.   Plaintiff purchased her shore excursion ticket through Defendant Royal Caribbean and was not given the shore excursion ticket until shortly before the excursion with no time to discover that the excursion was not run by Defendant Royal Caribbean.

55.   At all times material hereto, Plaintiff reasonably relied on the above, to her detriment, so as to believe that Defendant Excursions was the employee and/or agent of Defendant Royal Caribbean in choosing the subject excursion. Additionally, Defendant Royal Caribbean's actions caused Plaintiff to believe that Defendant Excursions had authority to act on Defendant Royal Caribbean's behalf.

56.   It was reasonable to believe that Defendant Excursions was an employee and/or agent of Defendant Royal Caribbean because the Plaintiff booked, paid for and made all necessary arrangements for the subject excursion with Defendant Royal Caribbean. At no time did Defendant Excursions represent to Plaintiff in particular or the ship's passengers in a meaningful way that Defendant Excursions was not an agent or employee of Defendant Royal Caribbean.

57.   Plaintiff's reasonable reliance was detrimental because she would not have booked, paid for and/or participated in the subject excursion or incurred any injuries had Plaintiff known that the subject excursion was not operated by Defendant Royal Caribbean.

58.   The foregoing acts of negligence of Defendant Royal Caribbean and/or Defendant Excursions were a direct and proximate cause of the Plaintiff's injuries and damages.

59.     As a result of Defendants' negligence, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, for all damages recoverable under general maritime law including, but not limited to, pecuniary damages, non-pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

### COUNT IV
### (Joint Venture Between Royal Caribbean and Excursions – Defendant Royal Caribbean and Defendant Excursions)

60.     Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

61.     At all times material hereto, Defendant Royal Caribbean and Defendant Excursions engaged in a joint venture to provide excursions to passengers aboard Defendant Royal Caribbean's ship(s).

62.     At all times material hereto, Defendant Royal Caribbean and Defendant Excursions entered into an agreement whereby Defendant Royal Caribbean would sell the subject shore excursion to its passengers and Defendant Excursions would operate the subject shore excursion.

63.     As part of the joint venture, Defendant Royal Caribbean arranged for, sponsored, recommended, marketed, operated, sold and/or collected money for the subject excursion and the

money was then shared between Defendant Royal Caribbean and Defendant Excursions. As part of the joint venture, Defendant Excursions provided labor and/or operated the subject excursion.

64.    Defendant Royal Caribbean, on behalf of the joint venture, charged a fee to passengers who utilized the excursions. The fee was then split between Defendant Royal Caribbean and Defendant Excursions.

65.    At all times material hereto, Defendant Royal Caribbean and Defendant Excursions had joint and/or shared control over aspects of the joint venture. Defendant Excursions had control over the day-to-day workings of the excursions. Defendant Royal Caribbean also had control over the day-to-day workings of the excursions in that Defendant Royal Caribbean required Defendant Excursions to exercise reasonable care in the operation of the subject excursion. Defendant Royal Caribbean had control over the arrangements, marketing and sales of the excursion. Further Defendant Royal Caribbean had control over whether or not dissatisfied passengers could obtain refunds for the subject excursion.

66.    At all times material hereto, Defendants Royal Caribbean and Excursions shared a common purpose: to operate the shore excursion for a profit.

67.    At all times material hereto, Defendants Royal Caribbean and Excursions had a joint proprietary and/or ownership interest in the subject excursion. Defendant Royal Caribbean had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such excursion, and Defendant Excursions had a proprietary interest in the time and labor expended in operating the subject excursion.

68.    At all times material hereto, Defendants Royal Caribbean and Excursions shared any losses sustained from the joint venture.

69.     Defendants Royal Caribbean and Excursions are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture.

70.     At all times material hereto, Defendant Royal Caribbean and Defendant Excursions therefore:

      a.   Had an intention to create a joint venture; and/or

      b.   Had a joint proprietary interest in the subject matter of the venture; and/or

      c.   Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship; and/or

      d.   Had a right to share in the profits of the joint venture; and/or

      e.   Would share in the losses which may have been sustained.

71.     As joint venturers, Defendants Royal Caribbean and Excursions are liable for each other's negligence. As a result, Defendant Royal Caribbean is liable for the negligent conduct of Defendant Excursions.

72.     As a result of Defendant Royal Caribbean's negligence, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendants, CRUISE SHIP EXCURSIONS, INC. and ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, for all damages recoverable under general maritime law including, but not limited to, pecuniary damages, non-

pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

<u>**COUNT V**</u>
**(Third Party Beneficiary – Defendant Royal Caribbean and Defendant Excursions)**

73.     Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

74.     Defendant Royal Caribbean entered into an agreement to provide excursions for passengers on board Defendant Royal Caribbean's ship(s).

75.     The agreement between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefit the third-party Plaintiff by requiring that Defendant Excursions exercise reasonable care in the operation of the subject excursion.

76.     The agreement between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefit the third-party Plaintiff by requiring that Defendant Excursions maintain insurance and/or exercise reasonable care in the operation of the subject excursion.

77.     The agreement was breached by both Defendant Royal Caribbean and Defendant Excursions for acts and/or omissions that include, but are not limited to, the following:

    a.   By failing to provide a safe excursion; and/or

    b.   By failing to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    c.   By failing to adequately monitor excursions so as to ensure that the excursion was reasonably safe for cruise passengers including the Plaintiff; and/or

    d.   By failing to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

e.  By failing to ensure that properly trained and supervised persons operated the subject excursion; and/or

f.  By having an excursion that was not competently operated; and/or

g.  By failing to provide an excursion with properly trained operators and personnel; and/or

h.  By failing to cancel the subject excursion in light of the conditions; and/or

i.  By failing to promulgate and/or enforce adequate policies and procedures with regard to the cancellation of shore excursions; and/or

j.  By failing to provide a safe and reasonably designed ladder for entrance and/or exit by passengers of all ages and abilities including the Plaintiff; and/or

k.  By failing to provide crew members to assist passengers including the Plaintiff on the boat to allow safe entrance and/or exit onto the boat by passengers of all ages and abilities; and/or

l.  By failing to warn Plaintiff of the potentially dangerous characteristics of the ladder and the difficulties the Plaintiff might encounter climbing to and from the boat as part of the excursion; and/or

m.  By failing to provide the Plaintiff and other passengers with a safe means of embarking onto or disembarking from the boat; and/or

n.  By creating a dangerous condition on the boat and allowing the dangerous condition to exist which resulted in the accident sustained by the Plaintiff herein; and/or

o.  By allowing a dangerous condition to exist of which Defendant Excursions had actual and/or constructive knowledge which resulted in the accident sustained by the Plaintiff herein; and/or

p.  By negligently maintaining the boat in an unreasonably dangerous condition that would allow passengers, including the Plaintiff, to become injured while attempting to board the boat as part of the subject excursion; and/or

q.  By negligently conducting operations such that passengers, including the Plaintiff herein, embark onto or disembark the boat with dangerous ladders as part of the subject excursion without assistance.

All of which caused Plaintiff to sustain a serious injury while participating in the subject excursion.

78.     As a direct and proximate result of Defendants' negligence, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendants, CRUISE SHIP EXCURSIONS, INC. and ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, for all damages recoverable under general maritime law including, but not limited to, pecuniary damages, non-pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

## COUNT VI
### (Negligent Misrepresentation – Defendant Royal Caribbean)

79.     Plaintiff re-alleges and re-asserts the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

80.     At all times material hereto, Defendant Royal Caribbean had a pecuniary interest in coordinating, marketing, advertising, vouching for, providing expert advice about and directly selling the subject excursion.

81.     At all times material hereto, Defendant Royal Caribbean owed its passengers, including the Plaintiff, a duty to exercise reasonable care in obtaining and accurately communicating any information relating to shore excursions it was coordinating, marketing, advertising, vouching for, providing expert advice about and directly selling.

82.     At all times material hereto, Defendant Royal Caribbean made misrepresentations of material fact relating to its sponsored excursions, including the subject excursion.

83.     Those misrepresentations of material fact were made in its literature, on its website and on board about the safety and security of the excursions it was offering to its passengers.

84.     Defendant Royal Caribbean made further material misrepresentations to Plaintiff when she consulted with crewmembers at the onboard excursions desk regarding participating in the subject excursion.

85.     At all times material hereto, Defendant Royal Caribbean knew, or in the exercise of reasonable care should have known, that the misrepresentations of material fact, as set forth herein, were untrue and misleading.

86.     Defendant Royal Caribbean made these misrepresentations of material fact with the purpose and intent that ship passengers, including the Plaintiff, would rely upon them in choosing and purchasing the excursions it coordinated, marketed and directly sold.

87.     Defendant Royal Caribbean's misrepresentations of material fact relating to the subject excursion influenced the Plaintiff to purchase the subject excursion. Plaintiff would not have purchased the subject excursion but for the said misrepresentations of material fact as to the safety, reliability, licensing and insurance of the subject excursion, including expert advice and assurances that the Plaintiff would be able to safely participate in the subject excursion.

88.     The Plaintiff reasonably relied on the above misrepresentations of material fact, to her detriment, and purchased and participated in the subject excursion in which she was injured. This reliance was justifiable and reasonable.

89.     At all material times, Defendant Royal Caribbean and/or its agents, servants, partners and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

   a.   Supplying false and misleading information relating to the shore excursion offered and sold by Defendant Royal Caribbean and Defendant Excursions to the Plaintiff;

   b.   Supplying false and misleading information relating to the safety, reliability, licensing and insurance relating to the shore excursion offered and sold by Defendant Royal Caribbean and Defendant Excursions to the Plaintiff; and

   c.   Failing to fulfill its promises and make good its representations on which it knew passengers, including the Plaintiff, would rely upon, along with promises and representations made in its literature, online, onboard the ship and at the shore excursion desk onboard the ship.

90.     As a direct and proximate result of the aforementioned carelessness and negligence by Defendant Royal Caribbean, the Plaintiff suffered severe bodily injury and the resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and surgery, expenses for medical and nursing care and treatment and loss of earnings. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, excursion and transportation costs.

WHEREFORE, Plaintiff, ANA I. ROSQUETE, respectfully demands judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD, a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL, for all damages recoverable under the law including, but not limited to, pecuniary damages, non-pecuniary damages, pain and suffering, lost wages, costs, and any and all other damages which are recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted, this 14th day of July 2020.

/s/ Miguel Armenteros
Miguel Armenteros, Esq.
Fla. Bar No. 14929
John W. Annesser, Esq.
Fla. Bar No. 98233
Megan Conkey Gonzalez, Esq.
Fla. Bar No. 1002944
miguel@aa-firm.com
service@aa-firm.com
mconkey@aa-firm.com
jannesser@aa-firm.com
lconley@aa-firm.com
ANNESSER ARMENTEROS, PLLC
2525 Ponce de Leon Blvd, Suite 625
Coral Gables, FL  33134
(786) 600-7446   Telephone
(786) 607-3022   Facsimile
*Counsel for Plaintiff*